IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
NO. 2:18-CV-03160-DCN

| | |
|---|---|
| DOMINIC LOWE, AMANDA LOWE, KRISTA KROUSE, AND CHRISTOPHER KROUSE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> ALLURA USA LLC, PLYCEM USA LLC D/B/A ALLURA, PLYCEM USA, INC., ELEMENTIA USA, INC., ELEMENTIA, S.A. DE C.V., <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS IN FAVOR OF ARBITRATION** |

I. **INTRODUCTION**

Defendants Plycem USA LLC, Elementia USA, Inc., and Elementia S.A.B. de C.V.[1] (collectively, the "Defendants")[2] respectfully move to dismiss this action in favor of

---

[1] Elementia S.A.B. de C.V. has separately moved to dismiss all claims against it on jurisdictional grounds. In bringing this motion, Elementia S.A.B. de C.V. expressly reserves its right to challenge this Court's jurisdiction over it, and believes the Court should only decide the merits of this motion with respect to Elementia S.A.B. de C.V if it first denies Elementia S.A.B. de C.V.'s simultaneously filed Motion to Dismiss under Fed. R. Civ. P. 12(b)(2). All defendants have also moved separately to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants believe the Court should only decide the merits of that motion if it denies this Motion to Dismiss in Favor of Arbitration.

[2] The Complaint also lists two additional defendants: Allura USA LLC and Plycem USA, Inc. Neither defendant exists as an independent corporate entity. Allura is merely a trade name of Plycem USA LLC. Plycem USA, Inc. merged into Plycem USA LLC and no longer maintains any independent corporate existence. Accordingly, these non-existent entities are not properly named and should be stricken from the caption. Additionally, the caption misnames Elementia S.A.B. de C.V. as Elementia S.A. de C.V.

1

arbitration. The claims at issue arise from the installation of fiber cement siding (the "Siding") manufactured by Plycem USA LLC under the trade name Allura and installed by others on Plaintiffs' homes. Any claim relating to performance of the Siding is governed by a 50-year Limited Product Warranty (the "Limited Warranty").[3] The Limited Warranty contains a broad arbitration provision (the "Arbitration Provision") mandating that any claims related to the Siding be resolved through binding arbitration on an individual basis. The agreement is enforceable under federal law. *See* 9 U.S.C. § 2.

Defendants respectfully request that the Court enforce the Arbitration Provision and dismiss this case so that Plaintiffs may pursue their claims through arbitration.

**II.     RELEVANT FACTS AND PROCEDURAL HISTORY**

The Named Plaintiffs contracted for the construction of their homes in 2014 and 2015, at which time the Siding was installed on the homes' exterior walls. *See* First Am. Compl. ¶¶ 33-34. As original purchasers of homes cladded with the Siding, Plaintiffs are entitled to coverage under the Limited Warranty, which offers homeowners relief in the event that the Siding manifests a manufacturing defect during the 50-year period following installation. *See generally* Ex. 1 (the "Limited Warranty"); *see also* Ex.—Declaration of Shawn Herrington in Support of Defendants' Motion to Dismiss in Favor of Arbitration ("Herrington Declaration") ¶ 6 (declaring that the Limited Warranty is a true and correct copy of the Limited Warranty applicable to the Siding used on the homes of Named Plaintiffs Dominic and Amanda Lowe and Krista and Christopher Krouse).

---

[3] A court "may consider materials outside the pleadings, including the warranty contracts at issue in this case, to determine whether a valid arbitration agreement exists." *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 900 (E.D.N.C. 2011).

In addition to affording homeowners relief in the event the Siding manifests a manufacturing defect, the Limited Warranty also includes a binding Arbitration Provision, which requires that any and all claims related to the Siding be commenced in arbitration. Specifically, Section 10 of the Limited Warranty provides, in boldface type:

> **BINDING ARBITRATION. By use and/or application of the Product, it is agreed that any and all controversies, disputes, or claims pertaining in any manner whatsoever to the purchase of any Product[4] from ALLURA shall be resolved exclusively by binding Arbitration administered by the American Arbitration Association, and judgment on the arbitration award rendered by the Arbitrator(s) may be entered in a court having competent jurisdiction. This agreement to arbitrate is intended to and shall be broadly interpreted and covers all controversies, disputes, and claims arising out of or relating to a Product purchase including, but not limited to contract claims, tort claims and statutory claims, or any combination of claims.**

Limited Warranty § 10. The Limited Warranty continues by providing for a location of the arbitration and the applicable rules:

> **The arbitration proceeding shall take place exclusively in Houston, Harris County, Texas. The American Arbitration Association shall administer the arbitration, and the American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures and Consumer Related Disputes Supplementary Procedures, if applicable, shall apply. These Arbitration Rules may currently be found on the American Arbitration Association's web site at www.adr.org.**

*Id.* Finally the Limited Warranty gives guidance about the initiation of arbitration, and certain other procedural issues:

> **If you wish to begin arbitration against ALLURA, you must file a case with the American Arbitration Association in Houston, Texas. You may visit the American Arbitration Association's web site at www.adr.org to obtain forms and**

---

[4] "Product[]" is defined as "ALLURA's Fiber Cement Siding Product[]" on page 1 of the Limited Warranty. *See* Limited Warranty, Warranty Coverage.

3

> **guidance and to learn the procedure for filing a case under this Arbitration Agreement. This arbitration agreement affects your legal rights. An arbitration is resolved by a neutral party and not a judge or jury. There is less discovery and less exchange of information between the parties to an arbitration than might occur in a court proceeding. An arbitration award is final and binding and will only be overturned or reversed by a court in very limited circumstances. You agree that, by use and/or application of the Product, you and ALLURA are each waiving the right to a trial by jury or to participate in a class action. This binding agreement to arbitrate shall be governed by and interpreted under the United States Federal Arbitration Act (Title 9, U.S. Code, sections 1-16).**

*Id.* The Limited Warranty provides instructions for homeowners who wish to seek relief under its terms. *See id.* § 14. In accordance with these terms, the Named Plaintiffs submitted warranty claims to Plycem in the spring of 2018. *See* First Am. Compl. ¶ 46; Herrington Declaration ¶¶ 7-10; Ex. 2 ("Lowe Warranty Claim Form"); Ex. 3 ("Krouse Warranty Claim Form").

While those warranty claims were pending, Named Plaintiffs Dominic and Amanda Lowe commenced a putative class action in South Carolina state court on August 20, 2018, alleging that the Siding was defective and that Defendants breached express warranties governing the Siding. *See generally* Compl. Plaintiffs served Defendants with a copy of the Complaint on October 22, 2018, and Defendants removed the state court action to this Court on November 20, 2018.[5]

On December 12, 2018, without Defendants' consent or leave of Court, Plaintiffs filed an amended complaint. *See* First Am. Compl. Among the changes made in the Amended

---

[5] After the case was removed to this Court, the parties filed a consent motion, approved by the Court, giving Defendants until December 27, 2018, to respond to the Complaint. (Dkt. Nos. 4-5). Before Defendants had a chance to do so, Plaintiffs filed their Amended Complaint on December 12, 2018. (Dkt. No. 6). The parties then filed an additional consent motion, approved by this Court, giving Defendants until January 26, 2019, to respond to the Amended Complaint. (Dkt. Nos. 14-15).

Complaint, Plaintiffs struck their express warranty claim, and eliminated every single reference to the Limited Warranty. *See generally id.*

III. **ARGUMENT**

   A. **The Federal Arbitration Act Creates a Presumption in Favor of Arbitration**

The Federal Arbitration Act ("FAA")[6] provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In enacting the FAA, Congress declared a "liberal federal policy favoring arbitration." *Greenville Hosp. Sys. v. United Healthcare Ins. Co.*, No. 6:13-2837-HMH, 2014 U.S. Dist. LEXIS 145909, at *3 (D.S.C. Apr. 3, 2014) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), *superseded by statute on other grounds*). Indeed, the FAA was enacted "to reverse the longstanding judicial hostility to arbitration agreements that . . . had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *Beazer Homes Corp. v. Am. Residential Servs., LLC*, No. 4:09-cv-1327-TLW-TER, 2010 U.S. Dist. LEXIS 27409, at *4 (D.S.C. Feb. 18, 2010) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)). Accordingly, the FAA aims to "move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone*, 460 U.S. at 22. In light of these principles, federal courts have developed a "heavy presumption of arbitrability." *See Brumfield v. Kindred Healthcare, Inc.*, No. 2:18-cv-00591-DCN, 2018 U.S.

---

[6] The FAA applies to the current dispute because "(1) there [is] an agreement in writing providing for arbitration and (2) the contract evidences a transaction involving interstate commerce." *Rum v. DARCARS of New Carrollton, Inc.*, No. DKC 12-0366, 2012 U.S. Dist. LEXIS 95443, at *6 (D. Md. July 10, 2012) (quoting *Am. Home Assurance Co. v. Vecco Concrete Constr. Co. of Va.*, 629 F.2d 961, 963 (4th Cir. 1980)). Additionally, the Arbitration Provision specifically provides that "[t]his binding agreement to arbitrate shall be governed by and interpreted under the United States Federal Arbitration Act." Limited Warranty § 10.

Dist. LEXIS 110035, at *4 (D.S.C. July 2, 2018) (Norton, J.) (quoting *Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989)).

      **B.**    **The Court Should Enforce the Arbitration Provision**

The Court should dismiss Plaintiffs' claims because the Arbitration Provision in the Limited Warranty is valid and enforceable. Plaintiffs are likely to argue that they are not bound by the Arbitration Provision because they did not sign the Limited Warranty. But the Limited Warranty is nevertheless an applicable contractual document. The Limited Warranty is well-publicized, as Plaintiffs themselves acknowledge, and is referenced in marketing materials and available to all homeowners on Allura's website. *See* Herrington Declaration ¶ 5. Additionally, the distributors that sell the Siding are provided with notice of the Limited Warranty. *See id.*

Moreover, Plaintiffs have acknowledged that the Limited Warranty is an applicable contractual document on two occasions. First, they both initiated the warranty claims process with Plycem, directly seeking relief under the Limited Warranty's terms. In May 2018, Plycem sent the Named Plaintiffs copies of the Limited Warranty and warranty claim forms. The Named Plaintiffs subsequently completed the claim forms and returned them to Plycem to initiate the warranty process. *See id.* ¶¶ 7-10; Lowe Warranty Claim Form; Krouse Warranty Claim Form.

Second, in filing the original Complaint, Plaintiffs expressly sought relief under the Limited Warranty.[7] Plaintiffs cannot simultaneously seek relief under the Limited Warranty

---

[7] In addition to alleging a breach of express warranty claim, the original Complaint was replete with references to the Limited Warranty and Plycem's obligations to Plaintiffs thereunder. *See, e.g.*, Compl. ¶ 18 (alleging that the Limited Warranty is good for 50 years); ¶ 19 (alleging that the Limited Warranty requires Plycem to "repair, replace or reimburse" where the Product is found to be defective); ¶ 28 (alleging that Plycem sent a "Warranty Claim Communication" to homeowners); ¶ 29 (affirming that "Plaintiffs returned the Warranty Claims

6

and seek to evade the Arbitration Provision. The Court should not countenance such inconsistent positions. *See, e.g.*, *Nat'l Home Ins. Co. v. Bridges*, 142 F. Supp. 3d 425, 433 (D.S.C. 2015) ("Because Respondents brought the underlying state court action against Petitioner under the HBW Warranty, Respondents may not disregard the arbitration agreement while selectively seeking to enforce some terms of the HBW Warranty"); *Osborne v. Marina Inn @ Grande Dunes, LLC*, No. 4:08-cv-0490-TLW-TER, 2009 U.S. Dist. LEXIS 87167, at *23-25 (D.S.C. Aug. 31, 2009) (recommending that a motion to stay and compel arbitration be granted where a non-signatory to the agreement containing an arbitration provision sued on a theory that defendants violated duties that arose under the broader agreement containing that arbitration provision), *report and recommendation accepted*, 2009 U.S. Dist. LEXIS 87158 (D.S.C. Sept. 23, 2009); *Goer v. Jasco Indus., Inc.*, 395 F. Supp. 2d 308, 316 (D.S.C. 2005) (holding that plaintiffs waived the right to challenge enforcement of an arbitration clause where the plaintiffs also sought to enforce other provisions of the same contract for their benefit).

In the arbitration context, the doctrine of equitable estoppel precludes a party from challenging the enforceability of a contract's arbitration provision when the party has "consistently maintained that other provisions of the same contract should be enforced to benefit him." *Int'l Paper Co. v. Schwabediessen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000). In other words, Plaintiffs cannot assert that they can recover under the terms of the Limited Warranty, but then simultaneously seek to avoid enforcement of the Limited Warranty's Arbitration Provision.

---

Form" to Plycem); ¶ 30 (discussing Plycem's response to the Warranty Claims Forms); ¶ 31 (alleging that Plycem has yet to fulfill its obligations under the Limited Warranty); ¶ 48 (alleging that Plaintiffs relied on the Limited Warranty when they purchased their home); ¶ 53 (alleging again that Plycem has yet to fulfill its obligations under the Limited Warranty).

The Fourth Circuit's holding in *International Paper* is instructive.[8] In *International Paper*, plaintiff purchased a saw from a manufacturer's distributor. *Id.* at 414. The distributor's contract with the manufacturer contained an arbitration provision, and plaintiff brought suit against the manufacturer for breach of warranties arising out of the manufacturer/distributor contract. *Id.* The manufacturer sought to compel arbitration. *Id.* The district court held that plaintiff could not invoke certain portions of the contract to its advantage, yet avoid the provision it disliked, namely the arbitration clause. *Id.* at 415. On appeal, the Fourth Circuit affirmed, holding that the well-established doctrine of equitable estoppel required arbitration. *Id.* at 416-18. As the court explained: "To allow [a plaintiff] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act." *Id.* at 418 (alteration in original) (quoting *Avila Group, Inc. v. Norma J. of Cal.*, 426 F. Supp. 537, 542 (S.D.N.Y. 1977)).

The Fourth Circuit's holding is in accord with the overwhelming weight of federal authority.[9] *See, e.g.*, *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 260

---

[8] In *International Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, the Fourth Circuit noted that courts look to the federal substantive law of arbitrability to determine whether a non-signatory is bound to an arbitration agreement through the doctrine of equitable estoppel. 206 F.3d 411, 417 n.4 (4th Cir. 2000) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), *superseded by statute on other grounds*). In *Arthur Andersen LLP v. Carlisle*, however, the Supreme Court held that state contract law principles govern the enforceability of arbitration-related contracts. 556 U.S. 624, 632 (2009). Nevertheless, following *Andersen*, district courts within the Fourth Circuit continue to rely on *International Paper* in evaluating equitable estoppel in the arbitration context. *See, e.g.*, *Hunter v. NHCash.com, LLC*, No. 3:17cv348-HEH, 2017 U.S. Dist. LEXIS 147549, at *12-15 (E.D. Va. Sept. 12, 2017) (citing *International Paper* and enforcing arbitration agreement under the doctrine of equitable estoppel); *Preferred Home Inspections, Inc. v. Bellsouth Telcomms., LLC*, No. 3:14-cv-00673-MBS, 2014 U.S. Dist. LEXIS 134983, at *14-19 (D.S.C. Sept. 24, 2014) (same); *Fastener Corp. of Am. v. Asheboro Elastics Corp.*, No. 1:12-CV-1296, 2013 U.S. Dist. LEXIS 88834, at *15-16 (M.D.N.C. June 25, 2013) (same).

[9] Even if analyzed under state law, however, the Court's holding would be the same. The laws of both South Carolina (where this litigation was initiated) and Texas (the relevant state

(5th Cir. 2014) (noting that "[t]he reason for this equitable rule is plain: One should not be permitted to rely on an agreement containing an arbitration clause for its claims, while at the same time repudiating the arbitration provision contained in the same contract" (quoting *DMS Servs., LLC v. Superior Court of L.A. Cnty.*, 140 Cal. Rptr. 3d 896, 902 (Ct. App. 2012))); *Robinson Brog Leinwand Greene Genovese & Gluck P.C. v. John M. O'Quinn & Assocs.*, 523 F. App'x 761, 763 (2d Cir. 2013) ("When a non-signatory plaintiff seeks the benefits of a contract that contains an arbitration provision, it is estopped from 'denying its obligation to arbitrate.'" (quoting *Am. Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349, 353 (2d Cir. 1999))); *Innotec LLC v. Visiontech Sales, Inc.*, No. 3:17CV00007, 2018 U.S. Dist. LEXIS 121702, at *17-18 (W.D. Va. July 20, 2018) ("Despite having sued to enforce various terms of the Exclusivity Agreement, Innotec now contends that it should not be bound by the arbitration provision . . . . Such an attempt to 'claim the benefit of the contract and simultaneously avoid its burdens' is the very situation that the doctrine of equitable estoppel seeks to prevent." (quoting *Int'l Paper*, 206 F.3d at 418)); *McCutcheon v. THI of S.C. at Charleston, LLC*, No. 2:11-CV-02861, 2011 U.S. Dist. LEXIS 144288, at *6 (D.S.C. Dec. 15, 2011) (Norton, J.) ("[N]o party

---

according to the Limited Warranty's choice of law provision) are in accord, allowing the doctrine of equitable estoppel to bind non-signatories to otherwise valid arbitration agreements. As this Court has noted, South Carolina courts continue to look to federal law when analyzing equitable estoppel. *See Swane Co. v. Berkeley Cty. S.C.*, No. 2:15-cv-02586, 2015 U.S. Dist. LEXIS 147235, at *18-19 (D.S.C. Oct. 30, 2015) (Norton, J). Similarly, Texas law estops a party from asserting that her lack of signature on a written contract precludes enforcement of the contract's arbitration provision when she has consistently maintained that other provisions of the same contract should be enforced to benefit her. "If the non-signatory consistently and knowingly insists that others treat it as a party to the contract during the life of the contract, the nonparty 'cannot later turn [ ] its back on the portions of the contract, such as an arbitration clause, that it finds distasteful.'" *Bailey v. HealthSouth Corp.*, No. 9:15-CV-57, 2017 U.S. Dist. LEXIS 22970, at *16-17 (E.D. Tex. Jan. 26, 2017) (alteration in original) (quoting *In re Weekly Homes, L.P.*, 180 S.W.3d 127, 135 (Tex. 2005)); *see Rachal v. Reitz*, 403 S.W.3d 840, 846 (Tex. 2013) (holding that the Texas Supreme Court "expressly adopted the federal doctrine of direct benefits estoppel" and citing *International Paper* for an explanation of that doctrine).

suing on a contract should be able to enforce certain contract provisions while simultaneously attempting to avoid the terms of an arbitration provision therein." (alteration in original) (quoting *United States v. Bankers Ins. Co.*, 245 F.3d 315, 323 (4th Cir. 2011))); *Pikes Peak Nephrology Assocs., P.C. v. Total Renal Care*, No. 09-cv-00928-CMA-MEH, 2010 U.S. Dist. LEXIS 42694, at *22-26 (D. Colo. Mar. 30, 2010) (compelling a non-signatory plaintiff to arbitration because he asserted claims under an agreement containing an arbitration clause); *Upstate Shredding LLC v. Carloss Well Supply Co.*, 84 F. Supp. 2d 357, 363 (N.D.N.Y. 2000) ("Plaintiffs seek to have their cake and eat it too; they claim reliance on the Express Warranty to establish a claim for breach of the express warranty and, at the same time, disclaim reliance on that same warranty to avoid arbitration.").

In anticipation of the current motion, and more specifically the likelihood that they would be estopped from challenging the enforceability of the Arbitration Provision, Plaintiffs filed the Amended Complaint on December 12, 2018. The Amended Complaint, which was filed without Defendants' consent or leave of court, is nothing more than an attempt to avoid application of the Arbitration Provision. In the Amended Complaint, Plaintiffs seek to distance themselves from the Limited Warranty, not only eliminating the express warranty claim, but also eliminating the numerous references to the Limited Warranty contained in the original Complaint.

Courts routinely hold that such tactical amendments, devised solely to avoid arbitration, are impermissible. *See, e.g., Developers Sur. & Indem. Co. v. Carothers Constr., Inc.*, No. 1:17-CV-1979-SCJ, 2018 U.S. Dist. LEXIS 45725, at *8 (N.D. Ga. Feb. 27, 2018). In *Developers*, plaintiff requested leave to amend its complaint to make a single modification, eliminating the claim arising out of the contract containing the arbitration provision. *Id.* at *5.

10

Noting that plaintiff was deliberately seeking to avoid an equitable estoppel argument premised on its contract claim, the court denied plaintiff's motion to amend, holding: "Here, it is clear that Plaintiff's motion for leave to amend is an effort to prejudice Defendant by taking an inconsistent position to circumvent Defendant's equitable estoppel argument. Accordingly, the motion is due to be denied." *Id.* at *7; *see also Federated Rural Elec. Ins. Co. v. Int'l Ins. Co.*, No. 94-2460-JWL, 1995 U.S. Dist. LEXIS 9607, at *3-6 (D. Kan. June 21, 1995) (denying plaintiff's motion to amend where proposed amendment was found to be a "direct attempt to avoid application of the arbitration provisions" and proposed claims would be subject to arbitration).

Plaintiffs should not be permitted to "have their cake and eat it too." They cannot rely on the Limited Warranty when it works to their advantage, only to disclaim it when it works to their disadvantage. "To permit them to do so would not only flout equity, it would do violence . . . to the congressional purpose underlying the Federal Arbitration Act." *Upstate Shredding*, 84 F. Supp. 2d at 364-65 (quoting *Tepper Realty Co. v. Mosaic Tile Co.*, 259 F. Supp. 688, 692 (S.D.N.Y. 1966)). Such an attempt to "claim the benefit of the contract and simultaneously avoid its burdens" is the very situation that the doctrine of equitable estoppel seeks to prevent. *Int'l Paper Co.*, 206 F.3d at 418 (quoting *Avila Group*, 426 F. Supp. at 542). Accordingly, this Court should find that Plaintiffs are equitably estopped from denying that they are bound by the Arbitration Provision and dismiss this action in favor of arbitration.

C. **Because the Arbitration Provision Is Enforceable and All of Plaintiffs' Claims Fall Within Its Scope, the Court Must Dismiss the Matter**

Given that the Court must enforce the Arbitration Provision, and all of Plaintiffs' claims fall within its scope, the Court should dismiss this action. The Arbitration Provision provides, in boldface type, that it "**covers all controversies, disputes, and claims arising out of**

**or relating to a Product purchase <u>including, but not limited to contract claims, tort claims and statutory claims, or any combination of claims.</u>**" Limited Warranty § 10 (emphasis added). Federal law requires that any doubts regarding the scope of arbitrable issues be resolved in favor of arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Peabody Holding Co., LLC v. United Mine Workers of Am., Int'l Union*, 665 F.3d 96, 104 (4th Cir. 2012) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). Here, Plaintiffs allege claims for negligence, breach of implied warranty, negligent misrepresentation, and strict liability, all of which arise out of the Siding's purchase and performance. These claims are clearly encompassed by the broad scope of the Arbitration Provision.

Although the FAA requires that court proceedings be stayed pending arbitration, "the Fourth Circuit has held that 'dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.'" *Cheraghi v. MedImmune, LLC*, No. 8:11-cv-01505 (AW), 2011 U.S. Dist. LEXIS 139272, at *9 (D. Md. Dec. 5, 2011) (quoting *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001)); *see also Poteat v. Rich Prods. Corp.*, 91 F. App'x 832, 835 (4th Cir. 2004) (compelling arbitration and dismissing the action where all of the claims are arbitrable); *Byrnes v. Santa Fe Natural Tobacco Co., Inc.*, No. GLR-16-2445, 2017 U.S. Dist. LEXIS 25795, at *5 (D. Md. Feb. 23, 2017) (dismissing the action where all of the claims are arbitrable); *Bey v. Midland Credit Mgmt.*, No. GJH-15-1329, 2016 U.S. Dist. LEXIS 38355, at *22-23 (D. Md. Mar. 23, 2016) (compelling arbitration and dismissing the action where all of the claims are arbitrable). Accordingly, dismissal is the proper remedy here.

### D. Alternatively, the Court Should Transfer the Action to the United States District Court for the Southern District of Texas in Order to Compel Arbitration

In the alternative, the Court can transfer this matter to the United States District Court for the Southern District of Texas in order to compel arbitration. Courts in the Fourth Circuit generally have enforced arbitration agreements—in particular, agreements that call for arbitration in a different jurisdiction—in one of two ways. Some courts, reasoning that the arbitration agreement raises a jurisdictional issue, simply have dismissed the case without prejudice, leaving the plaintiff free to commence arbitration under the terms set forth in the contract. *See, e.g.*, *Wake Cnty. Bd. of Educ. v. Dow Roofing Sys., LLC*, 792 F. Supp. 2d 897, 904 (E.D.N.C. 2011) ("This Court cannot compel arbitration in another district. Therefore, Plaintiff's claims . . . will be DISMISSED WITHOUT PREJUDICE so the parties may arbitrate those claims . . . .").

Other courts, however, have held that the proper remedy is transfer of the case to the judicial district in which the agreement specifies the arbitration is to occur. *See, e.g.*, *Brumfield*, 2018 U.S. Dist. LEXIS 110035, at *9 (transferring matter to relevant district and noting "this court cannot compel the remaining plaintiffs to arbitrate because only courts in the jurisdiction where arbitration is required by the Agreement can compel the parties to arbitration"). This is because Fourth Circuit precedent indicates that where an arbitration clause requires arbitration in a particular forum, only the district court in that forum has the authority to compel arbitration under the FAA. *See, e.g.*, *Arctic Glacier U.S.A., Inc. v. Principal Life Ins. Co.*, No. PX 16-3555, 2017 U.S. Dist. LEXIS 93822, at *22 (D. Md. June 19, 2017) (citing *Elox Corp. v. Colt Indus., Inc.*, 952 F.2d 395 (4th Cir. 1991)), in support of its reasoning that "the most faithful reading of § 4 provides that the Petition [to compel arbitration] be adjudicated in the agreed-upon arbitration forum"); *Blash v. Charter Fin., Inc.*, No. 6:14-3480-TMC, 2014 U.S.

13

Dist. LEXIS 140802, at *2-3 and n.1 (D.S.C. Oct. 3, 2014) (citing *Elox* for the proposition that "if a court orders arbitration, the arbitration must be held in the same district").

Because the Arbitration Provision mandates that arbitration occur in Houston, Texas, in the event the Court declines to dismiss the action, the Court should transfer this matter to the Southern District of Texas so that court may compel arbitration in accordance with the Arbitration Provision.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss this case as Plaintiffs' claims must be decided in arbitration. Alternatively, Defendants respectfully ask this Court to transfer this case to the Southern District of Texas so that arbitration may be compelled.

Respectfully submitted,

YOUNG CLEMENT RIVERS, LLP

By: s/ Edward D. Buckley, Jr.
Edward D. Buckley, Jr., Esq. (Federal ID #01559)
Nicholas J. Rivera, Esq. (Federal ID #11216)
P.O. Box 993, Charleston, SC 29402-0993
Telephone: (843) 720-5413
Fax: (843) 579-1300
ebuckley@ycrlaw.com
nrivera@ycrlaw.com

Robert L. Hickok, Esq.
Anthony Vale, Esq.
Leah Greenberg Katz, Esq.
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, Pennsylvania 19103
Telephone: (215) 981-4000
Fax: (215) 981-4750
hickokr@pepperlaw.com
valea@pepperlaw.com
katzl@pepperlaw.com
*Attorneys for Defendants*

January 25, 2019
Charleston, South Carolina