IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
(CHARLESTON DIVISION)

| | |
|---|---|
| DOMINIC LOWE, AMANDA LOWE, KRISTA KROUSE, AND CHRISTOPHER KROUSE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLURA USA LLC, PLYCEM USA LLC D/B/A ALLURA, PLYCEM USA, INC., ELEMENTIA USA, INC., ELEMENTIA, S.A. DE C.V.,<br><br>Defendants. | Civil Action No. 2:18-cv-03160-DCN |

**MOTION TO STAY PENDING RULING BY**
**THE JUDICIAL PANEL FOR MULTIDISTRICT LITIGATION**

COME NOW Plaintiffs, by and through their undersigned counsel, and move this Court to issue a brief stay in this action pending the decision by the Judicial Panel on Multidistrict Litigation (JPML) on Plaintiff Shara Guinn's 28 U.S.C. § 1407 Motion to Transfer and consolidate this action [MDL No. 2886] with eight (8) other actions. As of February 13, 2019, the JPML has scheduled the Motion to Transfer for a hearing on March 28, 2019. The Motion seeks to transfer this case to the Southern District of Ohio and consolidate it with eight (8) other putative class actions alleging that Defendants manufactured and installed defective fiber cement siding. The Motion to Transfer is attached hereto as Exhibit A. Defendants have filed their opposition to the Motion to Transfer; however, they have argued that in the event of transfer, they request that this Court serve as the transferee district. Exhibit B.

1

Plaintiffs now move to briefly stay this action for thirty (30) days following the JPML's decision in order to avoid hardship to Plaintiffs and Defendants by duplicating briefing, hearings, and other proceedings, as well as to conserve judicial resources. Given that Defendants have argued for transfer, in the alternative, to this Court, a stay is particularly well suited so that this Court may avoid duplication of hearing the same Motions, discovery and pre-trial arguments, and conserve judicial resources.

## LAW AND ANALYSIS

The Court's discretion to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Johnson v. DePuy Orthopaedics, Inc.,* 2012 U.S. Dist. LEXIS 141336, *3-4, 2012 WL 4538642 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). A short stay pending a decision by the JPML on the Motion to Transfer, and one that is already scheduled for a hearing, is particularly practical given the obvious opportunity to avoid duplication of the Parties' and Court's efforts related to pending Motions, briefing, hearings, and other proceedings. Specifically, a stay under these circumstances "can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely **and when the pending motions raise issues likely to be raised in other cases as well**." [Emphasis Added]. *Manual for Complex Litigation, Fourth* § 22.35 (2004).

Although this case has been pending for three (3) months, Defendants just filed initial responsive pleadings to Plaintiffs' Complaint on January 25, 2019, after removing the case to federal court and seeking a lengthy extension to file responses to Plaintiffs' Complaint. Since that time, Defendants' have filed various Motions that mirror those filed in a pending North Carolina action, *Johns v. Allura USA, LLC, et al.*, 3:18-CV-00669-FDW-DCK (W.D.N.C.). The

Motions filed in this Court and in the North Carolina case have not yet been fully briefed, and no hearing has been scheduled in either case. No discovery has been conducted, and a Rule 26(f) Conference in this Case has not yet taken place. Therefore, this case has not progressed in any manner that would cause prejudice to Defendants if it were briefly stayed pending the decision by the JPML. In fact, if the JPML were to grant the Motion to Transfer, the Motions, briefing related thereto, hearings, and all other proceedings in the nine (9) identified cases would be more efficiently handled by a single transferee judge, saving this Court's judicial resources. In light of the fact the Motion to Transfer is being heard next month, on March 28, 2019, the Parties and Court would expect a decision in early April. Accordingly, a short stay of 30 days following the JPML's decision on the Motion to Transfer would avoid hardship to all parties, avoid duplication of proceedings, and conserve judicial resources. *See Impulse Monitoring, Inc. v. Aetna Health, Inc.,* 2014 U.S. Dist. LEXIS 133116, *3, 2014 WL 4748598 (D.S.C.)(granting a Motion to Stay, in part because the Motion to Transfer was scheduled to be heard and a ruling expected shortly thereafter).

**I. DEFENDANTS ARE UNABLE TO OPPOSE PLAINTIFFS' MOTION ON THE GROUNDS OF PREJUDICE, HARDSHIP, INEQUALITY, OR CONSERVATION OF JUDICIAL RESOURCES.**

In determining whether to grant a Motion to Stay the court should evaluate: "'(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" *Johnson*, 2012 U.S. Dist. LEXIS 141336, *4; (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)); *see Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

**A. Defendants Are Unable to Demonstrate Potential Prejudice If The Motion Were Granted.**

In light of the scheduled hearing next month, and an expected decision by the JPML to follow soon thereafter, the Defendants cannot successfully argue that they are prejudiced by a stay other than a brief delay. *Impulse Monitoring, Inc. v. Aetna Health, Inc.,* 2014 U.S. Dist. LEXIS 133116, *3, 2014 WL 4748598 (D.S.C.)("A ruling on the motion [to transfer] is expected shortly thereafter, thus, any purported delay in this case claimed by Plaintiff will be minimal and would not constitute prejudice to Plaintiff."); *see also Fuller v. AmeriGas Propane, Inc.*, Nos. C 09-2493, 09-2616, 2009 U.S. Dist. LEXIS 71413, 2009 WL 2390358, *1 (N.D. Cal. Aug. 3, 2009)("[C]onsidering that both cases for which MDL treatment is sought are in very early procedural stages and that the MDL Panel is expected to hear this matter within a few months, any delay caused by this stay will be of very short duration...").

It is undeniable that while this case is three (3) months old, primarily due to Defendants' removal to federal court and initial extensions requested by Defendants to respond to Plaintiffs' Complaint, that this case is still in early procedural stages. Plaintiffs filed a First Amended Compaint to which Defendants filed Motions to Dismiss and Compel Arbitration in response; however, not a single Motion has been fully briefed or scheduled for a hearing. No discovery has yet been conducted. Therefore, no prejudice could come to the Defendants by a short stay pending the JPML's decision, which is expected to be issued in April. *See Ritchie*, 9:14-cv-04734-SB, Dkt. 51, p. 2 (D.S.C. 2016)("the Court has not yet scheduled a hearing on Defendants' motion to dismiss, and the Court does not believe a stay will cause any prejudice to the Defendants other than minimal delay."); *Va. ex rel. Integra REC LLC v. Countrywide Sec. Corp.*, 2015 U.S. Dist. LEXIS 4588 (W.D. Va.)("No answers have been filed, no discovery has begun, and no trial date has been set. As such, the [non-moving party] can claim little prejudice regarding the progress of the Virginia cases."); *Israel v. Johnson & Johnson*, 2012 U.S. Dist.

LEXIS 179964, *7 (D. Md.) ("Although it is possible, as Plaintiff argues, that Plaintiff will face some delay as a result of the MDL process, Plaintiff has not established that any such delay would be prejudicial.").

B. **Plaintiffs Will Suffer Hardship And Inequity If The Motion Is Not Granted.**

In assessing whether the moving party will suffer hardship and inequity if the Motion to Stay is not granted, the court should consider the parties' interests and whether there will be a "need to monitor and defend cases in multiple jurisdictions, on different schedules, when the cases may be consolidated to avoid that burden." *Va. ex rel. Integra REC LLC v. Countrywide Sec. Corp.*, 2015 U.S. Dist. LEXIS 4588 *19 (W.D. Va.)(citing *Wood*, 2012 U.S. Dist. LEXIS 109378, 2012 WL 3240934, at *3; and *Sehler,* 2013 U.S. Dist. LEXIS 132123, 2013 WL 5184216, at *3 (E.D. Va.).

Here, absent a brief stay, Plaintiffs are faced with potentially re-litigating the same issues multiple times, and suffering from inconsistent rulings in the Motions pending, which are nearly identical to those pending in at least one other jurisdiction. *See Isreal,* 2012 U.S. Dist. LEXIS 179964, *6-7 ("Absent a stay, Defendants will be forced to duplicate its litigation efforts and perhaps face inconsistent decisions in the different courts.). In fact, Defendants in this matter will likewise be faced with the same hardship if the case is not stayed.

C. **Judicial Resources Would Be Saved By A Stay.**

Finally, the court should look to whether a stay would save judicial resources and potentially prevent "needless duplication of work and the possibility of inconsistent rulings." *Va. ex rel. Integra REC, LLC,* 2015 U.S. Dist. LEXIS 4588, *14. In its 1997 decision, the *Rivers* court explained,

> There are two ways in which judicial resources could be conserved by staying this matter. First, if this case is consolidated with the other cases in Florida and this

5

> Court is not assigned by the MDL Panel to preside over the consolidated litigation, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the Disney cases in this Court. Therefore, there is a great deal of this Court's time and energy that could be saved by staying the instant case pending the MDL Panel decision.

*Rivers*, 980 F. Supp. 1358, 1360-1361, 1997 U.S. Dist. LEXIS 16392, *7 (C.D. Ca.); *Impulse Monitoring, Inc.*, 2014 U.S. Dist. LEXIS 133116, *3, 2014 WL 4748598 (D.S.C.)("Staying this case pending a possible transfer by the Panel will avoid wasting judicial resources, the duplication of case management tasks, and undue hardship for Defendant who is having to engage in widespread pretrial proceedings while its request for a transfer is pending.")

The *Rivers* court also reiterated how commonly stays are granted in these circumstances, stating "[m]oreover, it appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel *because of the judicial resources that are conserved.*" [Emphasis Added] *Id.* at 1362 (*citing American Seafood*, 1992 U.S. Dist. LEXIS 7374, 1992 WL 102762, at *6 (citing *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 U.S. Dist. LEXIS 1431, 1991 WL 13725 (D.N.J. 1991)); *Portnoy v. Zenith Laboratories*, 1987 U.S. Dist. LEXIS 16134, 1987 WL 10236, at *1 (D.D.C. 1987)); *see also Ritchie*, Dkt. 51, p. 2 ("Ultimately, the Court believes that staying this case will conserve judicial resources and avoid potential duplication of case management tasks").

As cited herein, South Carolina courts and other courts in the 4th Circuit have frequently held that stays where Motions to Transfer are pending are appropriate to conserve judicial resources and promote judicial efficiency. *See Ritchie, et al. v. Windsor Window Company d/b/a/ Windsor Windows and Doors, et al.*, 9:14-cv-04734-SB (D.S.C. 2016)[Dkt. No. 51](granting

Plaintiff's contested Motion to Stay given that the Defendants' Motion to Dismiss had not yet been scheduled for a hearing, "the case is in its early stages, and the Plaintiff's motion to transfer should be heard by the JPML soon."); *Impulse Monitoring, Inc.*, 2014 U.S. Dist. LEXIS 133116, *3, 2014 WL 4748598 (D.S.C.); *Brandt v. BP, P.L.C.,* 2010 U.S. Dist. LEXIS 70507, *5, 2010 WL 2802495 (D.S.C.)("Courts frequently grant stays in cases when an MDL decision is pending."); *Va. ex rel. Integra REC LLC v. Countrywide Sec. Corp.*, 2015 U.S. Dist. LEXIS 4588 *20, 2015 WL 222312 (W.D. Va 2015)("This Court exercises its inherent power to grant a brief stay so that the JPML can make its determination on whether systemic judicial economy will be served by inclusion, on a tag-along basis, of this action in MDL No. 2265. A limited stay of 45 days conserves judicial resources, minimizes prejudice to the Commonwealth, and prevents hardship to CSC."); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582, 585 (D. Md. 2001) ("A stay is necessary to ensure that, in the event consolidation of all cases for pretrial litigation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted.").

A brief stay of this action to allow the JPML to hear the Motion to Transfer next month and consider the merits of that Motion, will conserve judicial and party resources, and avoid potentially duplicative proceedings in this and other courts, including *inter alia*, briefing and arguing Motions to Dismiss and Motions to Compel Arbitration that have been filed but not yet briefed or set for a hearing.

## **CONCLUSION**

Accordingly, Plaintiffs respectfully move this Court to issue a stay in this matter of all proceedings, hearings, deadlines, or other obligations, including without limitation Defendants' deadline to answer, move, or otherwise respond with respect to Plaintiffs' First Amended

Complaint, without prejudice to any claim or defense of the parties, until such time as the JPML resolves the pending MDL Motion. Unless otherwise ordered, the Plaintiffs respectfully request that the stay be in force from the date that this Motion was filed with this Court until 30 days after the issuance of the JPML's ruling on the MDL Motion.

Plaintiffs consulted with Defendants prior to filing this Motion, and they do not consent to this Motion.

Respectfully submitted,

By: <u>/s/ Phillip W. Segui, Jr.</u>
Phillip W. Segui, Jr.
SEGUI LAW FIRM PC
864 Lowcountry Blvd., Suite A
Mount Pleasant, SC 29464
(864) 884-1865
psegui@seguilawfirm.com

*Attorney for Plaintiff*

Mount Pleasant, South Carolina
February 22, 2019

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that on February 22, 2019, I electronically filed the enclosed using the CM/ ECF system which sent notification of such filing to all counsel of record.

<u>/s/ Phillip W. Segui, Jr.</u>
Phillip W. Segui, Jr.